IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                CRIMINAL NO. 5:14-cr-1(DCB)(LRA)

FLOWERS CURTIS                                         DEFENDANT

                              ORDER

     This criminal cause is before the Court on the defendant Flowers Curtis's Motion for Judgment of Acquittal under Fed.R.Crim.P. 29.  Mr. Curtis made his motion at the close of the government's case-in-chief, and renewed it at the close of all evidence.  The Court now finds as follows:

     This case was tried before a jury beginning on August 25, 2014, and continuing through August 27, 2014.  The jury returned a verdict of guilty as to counts 4, 5, 6, 7, 12, 14 and 17, and was unable to reach a verdict as to count 11.[1]

     The only ground for a motion for a judgment of acquital is that the evidence is insufficient to sustain a conviction of one or more of the offenses charged in the indictment.  <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979); <u>United States v. Cox</u>, 593 F.2d 46 (6th Cir. 1979).  In ruling on a motion for judgment of acquital challenging the sufficiency of the evidence, the Court must determine "whether the relevant evidence, viewed in the light most

---

    [1] The indictment originally consisted of twenty counts.  By the end of trial, the number of counts had been reduced by the Government to eight.

favorable to the Government, could be accepted by a reasonably-minded jury as adequate and sufficient to support the conclusions of the defendant's guilt beyond a reasonable doubt." <u>United States v. Burns</u>, 597 F.2d 939, 941 (5th Cir. 1979).  "In reviewing testimony for determining a Rule 29 motion, questions of the weight of the evidence or of the credibility of the witnesses [are] foreclosed by the jury's verdict."  <u>United States v. Cohen</u>, 455 F.Supp. 843, 852 (E.D. Pa. 1978), <u>aff'd</u> 594 F.2d 855 (3rd Cir. 1978), <u>cert. denied</u>, 441 U.S. 947 (1979).

The defendant was charged with making false claims for refunds to the Internal Revenue Service, in violation of 18 U.S.C. § 287.  In order to prove a tax fraud violation under 18 U.S.C. § 287, the Government had to demonstrate that the defendant knowingly made false, fictitious and fraudulent claims to the IRS.  The defendant challenges the sufficiency of the evidence at trial to establish that he knowingly made false claims.

Examining the evidence, both direct and circumstantial, in the light most favorable to the jury's verdict, the Court finds that the evidence was overwhelming such that a rational jury could conclude beyond a reasonable doubt that Mr. Curtis submitted false, fictitious and fraudulent claims to the IRS, and that he knew the claims were false, fictitious and fraudulent.  "Because direct evidence of a defendant's fraudulent intent is typically not available, specific intent to defraud may be established by

2

circumstantial evidence and by inferences drawn from examining the scheme itself ...." United States v. LeDonne, 21 F.3d 1418, 1426 (7th Cir. 1994).

The jury's verdict which found the defendant guilty as to counts 4, 5, 6, 7, 12, 14 and 17 is supported by the law and the evidence, and a judgment of guilt was entered against the defendant at the end of the trial. The defendant's motion for a judgment of acquittal is therefore without merit. Accordingly,

IT IS HEREBY ORDERED that the defendant's motion for a judgment of acquittal pursuant to Fed.R.Crim.P. 29 is DENIED.

SO ORDERED, this the 29th day of August, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE